Commonwealth *vs.* Alexander Adams & anothei.

A thief and a receiver of the stolen goods may be jointly indicted.

An indictment against a thief and a receiver of the stolen goods jointly, which avers that the first " feloniously did steal, take and carry " the goods, and that the second feloniously received the goods, knowing them " to have been feloniously stolen, taken and carried away, as aforesaid," is insufficient, for want of adding " away " after " carry," to support a judgment against either defendant.

Indictment against Alexander Adams as the principal in stealing certain brogans, and Charles Durant as accessory by receiving

the goods, knowing them to have been stolen.   The indictment
alleged that Adams said brogans "feloniously did steal, take
and carry, against the peace," and that Durant "the said brogans
so as aforesaid feloniously stolen, feloniously did receive, have
and conceal, he the said Durant, well knowing said brogans to
have been feloniously stolen, taken and carried away as afore-
said, against the peace," &c.

The defendants, being convicted in the court of common pleas,
severally moved in arrest of judgment, because they were joined
in one indictment, and because it did not sufficiently set forth
any offence.   *Perkins*, J. overruled the motions, and the defend-
ants alleged exceptions.

*B. Russell*, for the defendants.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

METCALF, J.   There is no ground for the objection that the
principal and the accessory are illegally joined in this indict-
ment.   They might have been indicted separately; but Sir
Michael Foster says it is the most eligible course that they
should be joined in one indictment and tried together.   Foster's
Crown Law, 365.   And such has long been the general prac-
tice.

But to constitute larceny, there must be a taking and a carry-
ing away of personal property, with an intent to steal it.   Such
intent, in all cases at common law, renders the taking and car-
rying away felonious.   A taking, without a carrying away, or a
carrying away, without a taking, is not larceny.   For this rea-
son, it has always been held necessary that an indictment for
larceny should allege both these acts.   And this is not an arbi-
trary formulary; for, unless both acts are alleged, the offence of
larceny is not sufficiently alleged.   Those words of art, which
the law has appropriated for the description of an offence, can-
not be dispensed with in an indictment for the offence.   3 Inst.
107.   2 Hale P. C. 184.   4 Bl. Com. 229, 231.   2 East P. C. 778.
1 Stark. Crim. Pl. *c.* 6.   2 Hawk. *c.* 25, § 55.   The present in
dictment is therefore bad, because it does not allege a carrying
away, by the defendant Adams, of the property alleged to have
been stolen and taken by him.   It alleges that he "feloniously

did steal, take and carry" the property. But the word " carry" has not the same meaning as the words " carry away." The words " did take and carry away" are a translation of the words " *cepit et asportavit*," which were used in an indictment while legal processes and records were in the Latin language. But no single word in our language expresses the meaning of *asportavit.* Hence the word " away," or some other word, must be subjoined to the word " carry," to modify its general signification and give it a special and distinctive meaning. This combination of verbs and particles is said to be used in our language to a greater extent than in any other. Blackstone says that the substitution of the English language for the Latin, in proceedings at law, much enhanced the expense of those proceedings; the number of written sheets being increased, because " the English language, through the multitude of its particles, is much more verbose than the Latin." 3 Bl. Com. 322, 323. To allege a mere carrying is not to allege a carrying away, any more than to allege a mere running is to allege a running away.

We have no doubt that the omission of the word " away," in this indictment, was unintentional, and not from a supposition that the insertion of it was needless. But that omission renders the indictment against Adams, the principal, insufficient to sustain a judgment against him. It also renders the indictment insufficient to sustain a judgment against Durant, the accessory, who is charged with having received and concealed the property " *so as aforesaid* feloniously stolen, well knowing it to have been stolen, taken and *carried away as aforesaid.*"

*Judgment arrested.*